IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA f/b/o <br> MANGANARO MIDATLANTIC, LLC <br> 6405-D Ammendale Road <br> Beltsville, Maryland 20705 <br><br> Plaintiff <br><br> v. <br><br> DCK/TTEC, LLC <br> 707 Richards Street, Suite 400 <br> Honolulu, Hawaii 96813 <br><br> SERVE ON: <br> National Corporate Research, Ltd. <br> 615 South Dupont Highway <br> Dover, Delaware 19901 <br><br> and <br><br> LIBERTY MUTUAL INSURANCE <br> 175 Berkeley Street <br> Boston, Massachusetts 02116 <br><br> SERVE ON: <br> Maryland Insurance Administration <br> 200 St. Paul Place, Suite 2700 <br> Baltimore, Maryland 21202 <br><br> and <br><br> FIDELITY AND DEPOSIT COMPANY <br> OF MARYLAND <br> 1400 American Lane, Tower I, 19th Floor <br> Schaumburg, Illinois 60196 <br><br> SERVE ON: <br> CSC-Lawyers Incorporating Service <br> Company <br> 7 St. Paul Street, Suite 1660 <br> Baltimore, Maryland 21202 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br><br> Case No.:_____ |

| | |
|---|---|
| and | * |
| | * |
| SAFECO INSURANCE COMPANY OF | * |
| AMERICA | * |
| 1001 Fourth Avenue | * |
| Safeco Plaza | * |
| Seattle, Washington 98154 | * |
| | * |
| SERVE ON: | * |
| Maryland Insurance Administration | * |
| 200 St. Paul Place, Suite 2700 | * |
| Baltimore, Maryland 21202 | * |
| | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the United States of America, for the use and benefit of Manganaro Midatlantic, LLC (hereinafter "Manganaro"), Plaintiff, by undersigned counsel, and files this Complaint against defendants, dck/TtEC, LLC, Liberty Mutual Insurance Company, Safeco Insurance Company, and Fidelity and Deposit Company of Maryland, (hereinafter collectively, "the Defendants"), and for its cause of action states:

### JURISDICTION

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B).

### VENUE

2. The payment bonds at issue were executed for a construction contract to be performed and executed in Montgomery County, Maryland. Venue therefore lies in the United States District Court for the District of Maryland pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## THE PARTIES

3. Plaintiff, Manganaro, is a Maryland limited liability company. Manganaro's principal place of business is located at 6405-D Ammendale Road, Beltsville, Maryland, 20705.

4. Upon information and belief, Defendant, dck/TtEC, LLC (hereinafter "DCK"), is a Delaware limited liability company, which has its principal place of business located at 707 Richards Street, Suite 400, Honolulu, Hawaii 96813. Upon information and belief, DCK also maintained offices for all times relevant hereto at 5250 Challedon Drive, Virginia Beach, Virginia 23462 and 3475 East Foothill Boulevard, Pasadena, California 91107.

5. Upon information and belief, Defendant, Liberty Mutual Insurance Company (hereinafter "Liberty"), is a Massachusetts corporation which has its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

6. Upon information and belief, Defendant, Fidelity and Deposit Company of Maryland (hereinafter "Fidelity") is a Maryland corporation which has its principal place of business located at 1400 American Lane, Tower I, 19th Floor, Schaumburg, Illinois 60196.

7. Upon information and belief, Defendant, Safeco Insurance Company of America (hereinafter "Safeco") is a Washington corporation which has its principal place of business located at 1001 Fourth Avenue, Safeco Plaza, Seattle, Washington 98154.

## FACTS

8. Upon information and belief, DCK entered into NAVFAC Contract No. N62742-09-D-1172 (hereinafter the "Prime Contract") with the Naval Facilities Engineering Command to act as the general contractor for the construction of the Transient Wounded Warrior Lodging and Parking Structure at the Walter Reed National Military Medical Center in Bethesda, Maryland (hereinafter the "Project").

9. In connection with the Project, DCK, as Principal and Contractor, and Liberty, Safeco, and Fidelity, as the Sureties, (hereinafter the "Sureties") entered into a Payment Bond, Bond Number 024037357/024041991/09064657 (hereinafter the "Payment Bond"), in accordance with the Miller Act. A true and accurate copy of the Payment Bond is attached hereto as **Exhibit A**.

10. On or about August 27, 2012, DCK, as contractor, entered into the Subcontract Agreement No. 43504-120-SWI-SO with Scott Wellington, Inc. (hereinafter "SWI") for the provision of all labor, materials, equipment, and necessary services for the complete drywall installation on the Project (hereinafter the "Subcontract"). A true and accurate copy of the Subcontract is attached hereto as **Exhibit B.**

11. On or about November 20, 2012, SWI, as subcontractor, entered into a sub-subcontract agreement with Manganaro under which Manganaro would provide any labor and materials necessary to complete SWI's scope of work detailed in the Subcontract Attachment "2" Scope of Work and associated Subcontract documents (hereinafter the "Sub-subcontract"). A true and accurate copy of the Sub-subcontract is attached hereto as **Exhibit C.**

12. Pursuant to the Sub-subcontract, SWI agreed to pay Manganaro on a time and material basis for Manganaro's performance of all of the work required of SWI under Subcontract Attachment "2" Scope of Work. Manganaro's Sub-subcontract work was subject to additions and deductions for changes in SWI's Subcontract scope of work.

13. Pursuant to the terms of the Sub-subcontract, Manganaro provided labor, material and/or equipment for the construction of all improvements within its scope of work in connection with the Project.

14. Pursuant to the terms of the Sub-subcontract and the Subcontract, Manganaro performed extra and changed work on behalf of SWI at the express direction of DCK. The reasonable value of the extra and changed work provided by Manganaro on behalf of SWI at the express direction of DCK is at least Four Hundred Thirty Four Thousand and Sixty-Five Dollars ($434,065.00).

15. The total amount that DCK currently owes to SWI including retainage for work which Manganaro performed on behalf of SWI is Six Hundred Eighty Nine Thousand One Hundred Seventy Two Dollars ($689,172.00).

16. Despite demands by SWI on behalf Manganaro, DCK has failed and/or refused to pay the amounts claimed by Manganaro.

17. On or about November 4, 2014, Managanaro mailed via certified mail return receipt requested the required Notice to Contractor pursuant 40 U.S.C. § 3133 to DCK, Liberty, Safeco, and Fidelity (hereinafter "Notice to Contractor"). A true and accurate copy of the Notice to Contractor is attached hereto as **Exhibit D.**

COUNT I - ACTION ON PAYMENT BOND

18. Manganaro incorporates by reference the preceding paragraphs of its Complaint as if fully rewritten herein.

19. By virtue of the Payment Bonds, and the course of dealing and conduct between the parties, a contract existed between DCK, as Principal and Contractor, and the Sureties.

20. Pursuant to that contract, DCK as Principal, and the Sureties agreed to pay for labor, material and equipment furnished to DCK, as Principal, for use on the Project.

21. Pursuant to the Payment Bonds, DCK, as Principal, and the Sureties are jointly and severally liable to pay for labor, material and/or equipment furnished to DCK, as Principal, for use on the Project

22. Manganaro furnished labor, material and/or equipment on behalf of SWI to DCK for use on the Project.

23. Despite SWI's demands for payment on behalf of Manganaro for the labor, materials, and/or equipment furnished to DCK in connection with the Project, DCK, as Principal, and the Sureties have failed and refused to pay Manganaro.

24. DCK, as Principal, and the Sureties breached the Payment Bond by failing to pay for the labor, material and/or equipment that Manganaro furnished on behalf of SWI to DCK for use on the Project.

25. Manganaro has complied with all conditions precedent to payment under the Payment Bond.

26. As a direct and proximate result of the failure of DCK and the Sureties to pay the balance due, Manganaro has suffered damages in the amount of at least Six Hundred Eighty Nine Thousand One Hundred Seventy Two Dollars ($689,172.00) plus interest and its costs.

WHEREFORE, the plaintiff, Manganaro Midatlantic, LLC, requests judgment in its favor and against Defendants, dck/TtEC, LLC, Liberty Mutual Insurance Company, Fidelity and Deposit Company of Maryland, and Safeco Insurance Company of America, jointly and severally, in the principal amount of Six Hundred Eighty Nine Thousand One Hundred Seventy Two Dollars ($689,172.00) plus the amount of the reasonable and necessary expenses which Manganaro Midatlantic, LLC expended in the pursuit of its claims against the Defendants in this

proceeding, together with interest thereon and such other relief, legal or equitable, that this Court deems suitable and proper.

Manganaro Midatlantic, LLC

By: _____

Howard G. Goldberg
Federal Bar No. 010210
Kevin M. Kelly
Federal Bar No. 19411
Goldberg & Banks, P.C.
1829 Reisterstown Rd., Suite 120
Baltimore, MD 21208
Phone: 410.580.9530
Fax: 410.580.9539
hgoldberg@gbpclawfirm.com

### DEMAND FOR JURY TRIAL

Pursuant to Fed. Rules of Civ. Proc. Rule 38, Plaintiff, Manganaro Midatlantic, LLC, hereby demands a jury trial in this action.

_____
Howard G. Goldberg